## REED, JR., v. HENSEL.

*Negligence—Directed verdict—Plaintiff's evidence given most favorable interpretation on review—Pedestrian injured by automobile at street crossing—Contributory negligence a question for jury—Verdict for plaintiff not manifestly against weight of evidence—Municipal speed ordinance not in conflict with state law—Sections 12603 and 12608, General Code—State speed regulations not diminished, restricted or prohibited by ordinance—Excessive speed as prima facie or presumptive evidence—Charge to jury— Reference to law as Code provision instead of municipal ordinance not misleading—Charge that automobile "obliged" to travel at reasonable speed not misleading—Defendant cannot complain where court increased presumptively unreasonable speed rate—Use of term "presumptive evidence" instead of "prima facie," not prejudicial—Question for jury—Whether place was "business or closely built-up part of municipality"—Evidence—Hospital record inadmissible as hearsay, when.*

1. In reviewing denial of defendant's motion for direction of verdict, plaintiff's evidence must be given most favorable interpretation.

2. That plaintiff crossing street at regular crossing was struck after proceeding 15 feet by automobile which was 150 feet away when she started *held* not to show as matter of law that she was guilty of contributory negligence, so as to authorize direction of verdict for defendant in personal injury action.

3. In personal injury action by pedestrian, who was struck by automobile while crossing street, in which evidence showed that she was struck after proceeding 15 feet by automobile which was 150 feet away when she started, verdict for plaintiff *held* not manifestly against weight of evidence.

4. Ordinance, prohibiting operation of motor vehicles at speed greater than is reasonable, and providing that certain speed shall be *prima facie* evidence of unreasonable speed, *held* not to violate Section 12608, General Code, in undertaking to diminish, restrict, or prohibit Section 12603.

5. In pedestrian's action for personal injuries received when struck by automobile, jury *held* not misled by fact that court referred to statement of law as provision of Code similar to city ordinance instead of referring to it as city ordinance.

6. In action by pedestrian for personal injuries received when struck by automobile, expression in charge that defendant was "obliged" to travel at reasonable rate of speed *held* not misleading, in view of statement in other parts of charge that plaintiff must establish that defendant's negligence was proximate cause of injury.

7. In pedestrian's action for injuries received when struck by automobile, defendant cannot complain that court instructed that speed exceeding 20 miles an hour was presumptively unreasonable, whereas ordinance provided that speed exceeding 15 miles per hour was unreasonable.

8. In action by pedestrian for injuries received when struck by automobile, charge that certain speed was "presumptive evidence" of unreasonable speed rather than "*prima facie*" evidence *held* not to place added burden on defendant.

9. In action by pedestrian for injuries received when struck by automobile, evidence *held* sufficient to take to jury question whether place where accident occurred was "business or closely built-up" part of municipality within ordinance prescribing that speed in excess of certain limit should be *prima facie* evidence of unreasonable speed.

10. In pedestrian's action for injuries received when struck by automobile, exclusion of hospital record consisting of statement of case made by plaintiff's daughter not in hearing of plaintiff *held* not error, being hearsay, especially where it did not relate to what transpired to cause patient to be sent to hospital, except statement that she had been in automobile accident.

(Decided April 25, 1927.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Harmon, Colston, Goldsmith & Hoadly,* for plaintiff in error.

*Messrs. Gusweiler, Foster & Lambert* and *Mr. S. L. Leis,* for defendant in error.

BUCHWALTER, J.   The action was for damages for personal injuries, claimed to have been received as a result of being struck by an automobile driven by the defendant, Horace Reed, Jr., now plaintiff in error.

The jury returned a verdict for the plaintiff, Marie E. Hensel, upon which judgment was entered. Error is now prosecuted to reverse that judgment.

The plaintiff below, an elderly woman, was attempting to cross from the south to the north side of McMillan street, at its intersection with Ashland avenue, in the city of Cincinnati.   She walked halfway across and stopped in what is known as the devil strip, being the center of McMillan street, to look for traffic coming westwardly on the north side of McMillan street.   At this time the automobile operated by the defendant was proceeding westwardly along the north side of McMillan street, toward Ashland avenue.

Plaintiff admitted seeing the automobile as she left the south curb of McMillan street; that it was then about 300 feet away; that, as she stopped at the center of the street to look, she saw it was about 150 feet away; and that she then started from the center of McMillan street to hurry across to the northwest corner of Ashland avenue and McMillan street.   The distance to the north curb was about 30 feet, and when she had proceeded about 15 feet she was struck by the automobile of defendant, as it was being swerved toward the north curb.

Various estimates of the speed at which the automobile was being operated were given.

It is claimed that the verdict is contrary to law and to the evidence; that there was error in the charge of the court; and that certain evidence was improperly excluded from the consideration of the jury.

The claim that the verdict is contrary to the evidence is predicated upon the overruling of the motion to direct a verdict, and the overruling of the motion for a new trial.

Counsel for plaintiff in error contend that the plaintiff's evidence raised a presumption of contributory negligence, which was not removed, and that, therefore, the said motions should have been granted.

Cases are cited showing facts which would entitle defendant to a directed verdict, but these are all cases where the only reasonable inference from the evidence was that plaintiff was guilty of negligence which was either the sole cause of, or proximately contributed to cause, the injury. These cases admit of no rational inference but that of negligence on the part of plaintiff. For the purposes of the motion, the plaintiff's evidence must be given the most favorable interpretation.

Where plaintiff had an equal right to use the street, was at a regular crossing, and was attempting to hurry across a distance of 30 feet, and had in fact only proceeded about 15 feet when struck by the automobile, which, according to her testimony, was 150 feet away when she started from the center of the street, and, according to other testimony, 100 to 150 feet distant, with no

other traffic on that 30-foot portion of the street, we cannot say that there is raised such presumption of contributory negligence as to warrant a court in directing a verdict for defendant. In fact, the evidence is to the effect that she was crossing in a cautious manner.

We find that the verdict and judgment are not manifestly against the weight of the evidence.

It is urged that the court erred in instructing the jury. The portion of the charge complained of follows:

"The defendant and the plaintiff were using a public road or highway in the city of Cincinnati and each had equal rights in the street. Both were charged with equal duties. Each was bound to exercise reasonable care under the circumstances. The defendant proceeding along a public street and approaching a street crossing was obliged to travel at a reasonable rate of speed within the law, as stated in the ordinances of the city of Cincinnati and the law of the state of Ohio. The latter law is as follows, which is quite similar to the ordinance of the city of Cincinnati:

" 'Whoever operates a motor vehicle on the public roads or highways at a speed greater than is reasonable and proper, having regard for the width, traffic, use and the general and usual rules of such road or highway, or so as to endanger the property, life or limb of any person, shall be punishable according to the laws of the state. A rate of speed greater than twenty (20) miles an hour in the business and closely built-up portions of a municipality, or more than twenty-five (25) miles in other

portions thereof, shall be presumptive evidence of a speed greater than is reasonable or proper.'

"Under the law of Ohio if you find that the defendant was traveling in excess of 15 miles an hour at the time of this collision, and the place of the collision was a business or closely built-up portion of the city, that would be negligence as a matter of law, or, if you find that the defendant was traveling in excess of 25 miles an hour at the time of this collision, and the place of the collision was not a business or closely built-up portion of the city, that would be negligence as a matter of law; or, if you find that at the time and place of the collision the defendant was traveling at an improper or unreasonable rate of speed, having regard for the width, traffic, use and the general and usual rules of said road or highway, that would be negligence as a matter of law. As regards the 15 miles and the 25 miles an hour, that is only presumptive negligence; that is, it would be negligence which the defendant would have a right to show did not cause the accident or did not directly contribute to cause the accident; or any other evidence which would countervail or counterbalance this presumption of negligence on his part."

The court does not quote what he states is the law of the state of Ohio. This law (Section 12603, General Code) had been amended at the time of the accident and trial. However, this was a correct statement of what was contained in the ordinance of the city of Cincinnati, which had been pleaded, and, while the court referred to it as a state law similar to the ordinance, it was still a valid enactment, if the ordinance was valid.

Counsel, however, contends that this ordinance is invalid, as being in violation of Section 12608, General Code, in that it undertook to "diminish, restrict, or prohibit" the provisions of Section 12603, General Code, as amended.

Section 12603 did not contain the language, "or so as to endanger the property, life or limb of any person," and it did provide that speeds in excess of those mentioned should be *"prima facie"* and not "presumptive" evidence of a rate of speed greater than is reasonable and proper. An examination of the ordinance as given does not show that it either diminished, restricted, or prohibited any of the provisions of Section 12603.

The jury could not have been misled by the fact that the court referred to it as a provision of the Code similar to a city ordinance, instead of referring to it as a city ordinance.

Objection is made to the expression, "obliged to travel at a reasonable rate of speed," etc. We find no error in this. Taking the charge as a whole, this did not mislead, as in other parts of the charge the court stated that the plaintiff must establish by a preponderance of the evidence the negligence alleged, and that such negligence was the proximate cause.

It appears that the court said 20 miles per hour, whereas the ordinance was 15 miles per hour. However, the defendant cannot complain of this. Nor is the use of the term "presumptive evidence" instead of *"prima facie"* evidence an added burden upon the defendant.

It is claimed that the court erred in allowing the jury to find whether or not the place where the ac-

cident occurred was a "business or closely built-up" part of the municipality, since the evidence did not support any theory except that it was not a "business" or "closely built-up" section.

The defendant testified that there were houses on every lot, and the witness Kuehm testified as to what buildings there were in the immediate vicinity. While the evidence on this point was not as explicit and comprehensive as it might have been, there was sufficient evidence introduced to warrant the submission of this question to the jury.

The remaining question is the exclusion from the consideration of the jury of Exhibit A-3, a portion of a record of the Cincinnati Hospital.

The portion of the record excluded is what is called the history of the case, a statement made by plaintiff's daughter, not in the hearing of plaintiff:

"Plaintiff struck by automobile while crossing street. Unconscious for a time, but no subsequent return of unconsciousness. For many years has had attacks of Meniere's disease with associated severe headaches and short attacks of irrationality. Hearing in right ear has been poor. Since accident, cannot hear with either ear."

All other portions of the hospital record were admitted in evidence.

These contained a diagnosis of Meniere's disease by both Dr. Grimes and Dr. Murphy. Dr. Murphy later changed his diagnosis as Meniere's disease to Meniere's syndrome.

The portion excluded, which is complained of, did not refer to any transaction occurring in the course of the public duty of any one connected with the hospital, nor was it a matter of the personal obser-

vation of any of them. It did not relate to what transpired to cause the patient to be sent to the hospital, except that she had been in an automobile accident. This was an attempt to introduce into the record purely hearsay testimony, and its rejection was not erroneous.

An examination of the record discloses that the contested questions of fact were fairly presented to the jury, with the law applicable thereto.

We find no errors prejudicial to the defendant, now plaintiff in error. The judgment of the court of common pleas will be affirmed.

*Judgment affirmed.*

HAMILTON, P. J., and CUSHING, J., concur.